GLADNEY, Judge.
Bertha Gibson Frealy and her husband, Robert Frealy, Sr., sue to recover damages incurred December 10, 1965 when their automobile, while stopped at the intersection of Alabama Street and Lakeshore Drive in Shreveport, was struck from behind by a vehicle driven by Roger E. Seago. The trial of the case resulted in judgment rejecting the demands of plaintiffs and the latter have appealed.
The negligence of Seago is established by his own testimony which attributed the cause of the rear end collision to the fact that his foot slipped from the clutch pedal. There was some evidence offered to show damages to the Frealy car was sustained by a second collision occasioned by the fault of Mrs. Frealy. This evidence failed to prove any damage to the Frealy car was caused thereby as the impact was slight.
The appellants therefore are entitled to have judgment for such damages as was sustained. Robert E. Frealy, Sr. is entitled to recover the sum of $288.34 for special damages which include medical expenses and property damage resulting from the accident. We have disallowed an expense of $18.50 representing a payment to Lester Optical but have allowed payment to the Texas Optical for the cost of replacing lens in Mrs. Frealy’s eye glasses which were broken in the accident.
The personal injuries received by Mrs. Frealy were not of a serious nature. The 70 year old housewife testified that although shaken up in the accident she did not report any injury to the investigating officer. However, two days later she was examined by Dr. Ray E. King, orthopedic *756 surgeon of Shreveport, complaining of pam in her neck and back and also to having headaches. Dr. King testified he observed some muscle spasm and located pain on palpation over the erector spinae muscle of the 11th and 12th thoracic vertebrae on the right side. From his examination he concluded that Mrs. Frealy had received a mild muscular ligamentous sprain involving the posterior thoracic region of her spine. He thought the sprain was caused by the accident and advised medication and therapy. X-rays revealed no fractures and otherwise the examination was negative. The patient was not hospitalized and we are convinced that the resulting pain was mild. No further treatment was administered but on May 6, 1966 Mrs. Frealy was examined by Dr. Robert D. Hightower, an orthopedic surgeon, whose findings were compatible with those of Dr. King. Mrs. Frealy was not injured sufficiently to justify hospitalization and required no assistance in performing her household duties. Accordingly, an award of $250.00 should be adequate compensation for her personal injuries.
There should be judgment in favor of Mrs. Bertha Gibson Frealy for the sum of $250.00 for personal injuries and in favor of Robert E. Frealy, Sr. in the sum of $288.34 as special damages and expenses incurred as a result of the negligence of the defendant Seago. Commercial Union Insurance Company of New York must be held liable under the uninsured motorist provisions of its policy and on its third party demand it should have judgment against the third party defendant Seago. The judgment appealed will, therefore, be reversed and rendered:
It is ordered, adjudged and decreed that the judgment appealed is annulled, reversed and set aside, and it is now ordered that there be judgment in favor of Mrs. Bertha Gibson Frealy and against Roger E. Seago and Commercial Insurance Company of New York in the full sum of $288.34 in solido, with legal interest thereon from judicial demand and all cost of this suit;
Further judgment is rendered in favor of Commercial Union Insurance Company of New York, third party plaintiff, and against Roger E. Seago, third party defendant, for the same amount in principal, interest and cost granted in favor of the original plaintiffs against Seago. The defendants are taxed with all cost of the suit.